UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KANDRA AMBOH,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS (DOC. NO. 5)**<br><br>Case No. 2:24-cv-00023<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Kandra Amboh, proceeding without an attorney, filed this action against The Kroger Co., alleging several forms of employment discrimination under Title VII of the Civil Rights Act[1] and the Age Discrimination in Employment Act[2] ("ADEA").[3] Kroger filed a motion to dismiss Ms. Amboh's complaint, arguing Ms. Amboh's claims are time-barred and precluded by the doctrine of claim preclusion.[4] Ms. Amboh did not respond to Kroger's motion. Because Kroger has failed to show Ms. Amboh's claims are either

---

[1] 42 U.S.C. §§ 2000e, et seq.

[2] 29 U.S.C. §§ 621, et seq.

[3] (*See* Compl., Doc. No. 1).

[4] (*See* Mot. to Dismiss Compl. ("Mot.") 2, Doc. No. 5.) Kroger asserts the proper defendant is Smith's Food & Drug Centers, Inc. (a wholly owned subsidiary of Kroger), because Smith's—not Kroger—was Ms. Amboh's employer. (*Id.* at 1 n.1.) Where Kroger does not move for dismissal on these grounds, this contention is not addressed.

time-barred or precluded, the undersigned[5] recommends the district judge deny Kroger's motion to dismiss.

BACKGROUND

Ms. Amboh brings this action for employment discrimination under Title VII of the Civil Rights Act[6] and the ADEA,[7] alleging Kroger and its employees discriminated against her by not promoting her, demoting her, denying her equal pay and work, terminating her, and harassing her, based on her race, color, sex, religion, national origin, and age.[8] In her complaint, Ms. Amboh details nineteen instances of alleged discrimination.[9] She seeks damages in the form of "100 Trillion dollars, and ownership of all person owned and corporate franchises within 1863 Eastern Shoshone Band treaty jurisdiction."[10]

In February 2022, Ms. Amboh filed discrimination charges with the Utah Labor Commission's Anti-Discrimination & Labor Division ("UALD") and the United States Equal Employment Opportunity Commission ("EEOC").[11] Following an informal

---

[5] On April 19, 2024, the district judge referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 9.)

[6] 42 U.S.C. §§ 2000e, et seq.

[7] 29 U.S.C. §§ 621, et seq.

[8] (*See* Compl., Doc. No. 1 at 5–6.)

[9] (*Id.* at 6–8.)

[10] (*Id.* at 9.)

[11] (*See id.* at 5; Ex. A to Mot., Utah Anti-Discrimination and Lab. Div. and Equal Emp. Opportunity Comm'n Charge of Discrimination ("UALD/EEOC Charge"), Doc. No. 5-1 at 1). Ms. Amboh's UALD/EEOC charge alleged discrimination based on retaliation for protected conduct, and on Ms. Amboh's race, sex, and age. (*See* UALD/EEOC Charge,

investigation, the UALD dismissed her charge, finding "no reasonable cause" to believe Kroger or its employees discriminated against Ms. Amboh.[12]  Ms. Amboh then requested de novo review of the UALD's decision before an administrative law judge ("ALJ") of the Utah Labor Commission's Adjudication Division, under Utah Code § 34-A-5-107(4)(c).[13]  After Ms. Amboh failed to submit a "Petitioner's Statement," the ALJ dismissed her claims with prejudice.[14]  Although Ms. Amboh could have appealed the dismissal to either an appeals board or the Utah Labor Commissioner (followed by Utah State court review),[15] she did not.  On October 3, 2023, the EEOC adopted the ALJ's findings and issued a notice of right to sue, advising Ms. Amboh any lawsuit based on her charges "must be filed WITHIN 90 DAYS" of receipt of the notice.[16]

---

Doc. No. 5-1 at 1.)  Ms. Amboh based her complaint in this case on the same factual allegations and same claims, but she also brings new discrimination claims based on her color, religion, and national origin.  (*See* Compl., Doc. No. 1 at 5–6.)

[12] (*See* Ex. to Compl., UALD Determination and Order, Doc. No. 1-1 at 3–22.)

[13] (*See* Ex. to Compl., Req. for Hr'g, Doc. No. 1-1 at 49 ("This is a request for a formal evidentiary hearing to review de novo the Order with the Division of Adjudication, Utah Code § 34A-5-107(4c).")); *see also* Utah Code § 34A-5-107(4)(c) ("A party may make a written request to the Division of Adjudication for an evidentiary hearing to review de novo the [UALD's] determination and order . . . .").

[14] (*See* Ex. B to Mot., Order of Dismissal, Doc. No. 5-2 at 1.)

[15] *See* Utah Code §§ 34A-1-303, 63G-4-403.

[16] (*See* Ex. to Compl., EEOC Notice of Right to Sue, Doc. No. 1-1 at 1.)

LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows dismissal of a case for "lack of subject-matter jurisdiction."[17] When a dismissal motion presents a facial attack based on the allegations in the complaint, the court applies the same standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[18] Kroger's motion presents a facial attack because it does not dispute the allegations in Ms. Amboh's complaint, and Kroger only makes references outside the complaint to administrative records subject to judicial notice.[19]

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."[20] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[21] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[22]

---

[17] Fed. R. Civ. P. 12(b)(1).

[18] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

[19] Aside from the complaint, Kroger only refers to Ms. Amboh's UALD/EEOC charge and the ALJ's order of dismissal, both of which are subject to judicial notice. *See Watkins v. Genesh, Inc.*, No. 22-2273, 2024 U.S. Dist. LEXIS 23188, at *3 n.3 (D. Kan. Feb. 9, 2024) (unpublished).

[20] Fed. R. Civ. P. 12(b)(6).

[21] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[22] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

Because Ms. Amboh proceeds pro se (without an attorney), her filings are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers."[23] Still, a pro se plaintiff must follow the same procedural rules as other litigants.[24] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[25] While the court makes some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[26] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[27]

## ANALYSIS

Kroger makes two independent arguments in favor of dismissal. First, Kroger argues Ms. Amboh neglected to file her complaint within ninety days of receiving her EEOC notice of right to sue.[28] Next, Kroger argues the doctrine of claim preclusion bars Ms. Amboh's claims, where the ALJ dismissed them with prejudice.[29] As explained below, both arguments fail—Ms. Amboh alleges she received notice of her right to sue

---

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[25] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[26] *Hall*, 935 F.2d at 1110.

[27] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[28] (Mot. 5–7, Doc. No. 5.)

[29] (*Id.* at 7–11.)

eighty-five days before filing this case, and unreviewed state administrative findings do not preclude Title VII or ADEA claims in federal court.[30]

### I.  At this stage, the court accepts Ms. Amboh's alleged date of receipt as true.

Kroger first argues Ms. Amboh's action is untimely because she did not file it within ninety days of receiving the EEOC notice of right to sue.[31] Ms. Amboh alleges she received the EEOC notice on October 18, 2023—eighty-five days before she filed suit on January 11, 2024.[32] Kroger points out the EEOC sent the notice on October 3, 2023—fifteen days before Ms. Amboh allegedly received it.[33] Kroger also notes that when the actual date of receipt is "unknown or disputed," courts presume receipt "no later than three to five days" after mailing.[34] Accordingly, Kroger argues Ms. Amboh's allegation that she received the letter on October 18, 2023 is "insufficient to overcome to three to five-day presumptive delivery rule."[35]

---

[30] Kroger also argues Ms. Amboh cannot bring discrimination claims based on color, religion, and national origin because she did not include these claims on her UALD/EEOC charge. (*Id.* at 11 n.4.) As noted below, where Kroger only raised this argument in a footnote and otherwise failed to develop it, it need not be addressed.

[31] (*See id.* at 5–7); *see also* 42 U.S.C. § 2000e-16(c) (requiring suits based on EEOC charges to be filed within ninety days of receiving a notice of right to sue).

[32] (*See* Compl., Doc. No. 1 at 5 ("The Equal Employment Opportunity Commission sent the attached 'Notice of Right to Sue' which I received on October 18, 2023.").)

[33] (*See* Mot. 5, Doc. No. 5; *see also* Ex. to Compl., EEOC Notice of Right to Sue, Doc. No. 1-1 at 1 ("Issued On: 10/03/2023").)

[34] (Mot. 6, Doc. No. 5 (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1164–65 (10th Cir. 2001)).)

[35] (*Id.* at 6–7 ("Thus, indulging the longest allowed presumption of 5 days for receipt, and then extending that deadline to the next business day, imposes an absolute filing deadline of Monday, January 8, 2024.").)

Kroger's argument ignores the procedural stage of the case. It is true courts have applied a presumptive delivery date where the parties dispute the date of receipt at the summary judgment stage[36] or where neither party alleges a date of receipt.[37] But this is the motion to dismiss stage. Here, the court must accept Ms. Amboh's factual allegations as true and draw all reasonable inferences in her favor.[38] Ms. Amboh unequivocally alleges she received the EEOC notice on October 18, 2023.[39] And Kroger does not point to any evidence casting doubt on Ms. Amboh's allegation (other than speculation as to when Ms. Amboh "finally went to her PO Box to retrieve" the notice).[40] Because, at this stage, the court accepts Ms. Amboh's allegation that she received the EEOC notice eighty-five days before she filed suit, Kroger's argument fails.[41]

---

[36] *See, e.g.*, *Lozano*, 258 F.3d at 1164–66.

[37] *See, e.g.*, *Shortey v. Kan. City Shippers Ass'n*, No. 23-cv-02409, 2024 U.S. Dist. LEXIS 132207, at *5–6 (D. Kan. July 25, 2024) (unpublished).

[38] *See Wilson*, 715 F.3d at 852.

[39] (*See* Compl., Doc. No. 1 at 5 ("The Equal Employment Opportunity Commission sent the attached 'Notice of Right to Sue' which I received on October 18, 2023.").)

[40] *Cf. Est. of Harmon v. Salt Lake City*, No. 20-4085, 2021 U.S. App. LEXIS 39942, at *6 (10th Cir. Nov. 10, 2021) (unpublished) (noting at the motion to dismiss stage, courts must accept the plaintiff's allegations as true unless they are "blatantly contradicted by the record," which "usually involves a version of events [that] is so utterly discredited by the record that no reasonable jury could have believed [the plaintiff's version]" (alterations in original) (quoting *Scott v. Harris*, 550 U.S. 372, 360 (2007))).

[41] *See, e.g.*, *Hall v. Davis H. Elliot Co.*, No. 11-CV-0746, 2012 U.S. Dist. LEXIS 116909, at *6 (N.D. Okla. Aug. 20, 2012) (unpublished) ("[P]laintiff's allegation that he filed his complaint within 90 days of receipt of the letter is a factual averment that the Court must accept as true on a motion to dismiss. . . . Defendant is free to pursue the issue of plaintiff's receipt of the letter in discovery and to challenge the plausibility or credibility of plaintiff's allegation of the date of receipt at summary judgment or at trial."); *see also*

### II. The ALJ's decision does not preclude Ms. Amboh's Title VII and ADEA claims.

Kroger also argues the doctrine of claim preclusion bars this action because the ALJ ruled on Ms. Amboh's discrimination claims in a "judicial capacity."[42] Claim preclusion "prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."[43] When a state administrative agency rules in a "judicial capacity," federal courts generally give the agency's findings the same preclusive effect the state court would give it.[44]

But this preclusion rule does not apply to certain statutes, including Title VII and the ADEA. In *University of Tennessee v. Elliott*,[45] the United States Supreme Court concluded, based on Title VII's structure, that Congress intended to contravene common-law preclusion rules—because Title VII requires the EEOC to give "substantial

---

*Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) (unpublished) ("When the complaint alleges a late date of receipt, or non-receipt, for purposes of a Rule 12(b)(6) motion, a court must accept that allegation as true and must then deny a defendant's motion to dismiss for timeliness.").

[42] (*See* Mot. 7–11, Doc. No. 5.)

[43] *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (alteration in original) (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017)).

[44] *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796–99 (1986) ("[W]hen a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts." (second alteration in original) (citation omitted) (citing *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966))).

[45] 478 U.S. 788 (1986).

weight" to state administrative findings when investigating discrimination charges.[46] And "it would make little sense for Congress to write such a provision if state agency findings were entitled to preclusive effect in Title VII actions in federal court."[47] Put differently, "[w]hat does not preclude a federal agency cannot preclude a federal court."[48] The Supreme Court thus held that state administrative decisions which a state court has not reviewed do not preclude Title VII claims in federal court.[49] Later, in *Astoria Federal Savings & Loan Ass'n v. Solimino*,[50] the Supreme Court extended this ruling to ADEA claims, based on congressional intent to contravene common-law preclusion rules (as in *Elliott*).[51]

In its motion, Kroger neglects to mention *Elliott*, and it characterizes *Astoria* as "distinguishing formal 'judicial capacity' administrative proceedings and informal agency

---

[46] *Id.* at 795 (citing 42 U.S.C. § 2000e-5(b)).

[47] *Id.*

[48] *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110 (1991); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 470 n.7 (1982) ("EEOC review of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions. Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a State's own courts." (citations omitted)).

[49] *Elliott*, 778 U.S. at 796.

[50] 501 U.S. 104 (1991).

[51] *Id.* at 110–14 (noting the ADEA requires claimants to file state discrimination claims before filing in federal court, which "plainly assume[s] the possibility of federal consideration after state agencies have finished theirs").

actions under Title VII and the ADEA."[52] But Kroger quotes only from the opening paragraphs of *Astoria* and, in doing so, misconstrues its holding. In *Astoria*, the Supreme Court held that federal courts should not give preclusive effect to *any* unreviewed state administrative findings with respect to ADEA claims.[53] And in *Elliott*, the Supreme Court made the same ruling with respect to Title VII claims, even though the state agency acted in a "judicial capacity" (which led the Court to find the agency's rulings preclusive as to the claims under 42 U.S.C. § 1983).[54] Thus, under *Astoria* and *Elliott*, state administrative findings do not preclude federal ADEA and Title VII claims, even if the agency acted in a judicial capacity. Over the course of the past thirty years, the Tenth Circuit has also repeatedly emphasized this.[55]

---

[52] (Mot. 8, Doc. No. 5 (citing *Astoria*, 501 U.S. 104 (Kroger does not provide a pin cite but it separately quotes the opinion at page 107)).)

[53] *Astoria*, 501 U.S. at 110–14.

[54] *Elliott*, 478 U.S. at 796–99.

[55] *See Ponce v. Unified Police Dep't of Greater Salt Lake*, No. 22-4070, 2023 U.S. App. LEXIS 16153, at *6 (10th Cir. June 27, 2023) (unpublished) (finding Title VII claims not precluded by state agency's findings, because "Congress did not intend *unreviewed* state administrative proceedings to have preclusive effect on Title VII claims" (emphasis in original) (citing *Elliott*, 478 U.S. at 796)); *Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 n.3 (10th Cir. 2008) (unpublished) ("[Administrative] preclusion under a § 1983 claim is different than under a Title VII [] claim. The latter requires a state court judgment." (citing *Elliott*, 478 U.S. at 799)); *Brockman v. Wyo. Dep't of Fam. Servs.*, 342 F.3d 1159, 1166 (10th Cir. 2003) (noting claim preclusion typically applies to administrative findings made in a judicial capacity, but "[s]ome federal statutory schemes abrogate this federal common-law rule. *See* [*Astoria*, 501 U.S.] at 110 (ADEA); *Elliott*, 478 U.S. at 799 (Title VII)"); *Hernandez v. N.M. Pub. Def. Dep't*, No. 94-2287, 1995 U.S. App. LEXIS 22568, at *12–13 (10th Cir. Aug. 16, 1995) (unpublished) (affirming district court's decision to review the plaintiff's Title VII claim on the merits, because the state agency's findings "would not preclude the Title VII claims because they had not been judicially reviewed" (citing *Elliott*, 478 U.S. at 794–96)).

To be sure, if a state court reviews an agency's decision, the state *court*'s findings are preclusive in federal court, even as to Title VII or ADEA claims.[56] But where no state court has reviewed a state agency's decision, the agency's findings do not preclude Title VII or ADEA claims—even if the claimant could have appealed the agency's decision in state court but did not[57]—and even if a state court would have given the agency's findings preclusive effect.[58] Accordingly, the Utah ALJ's dismissal does not preclude Ms. Amboh's claims.

### III. Kroger does not legitimately challenge Ms. Amboh's color, religion, and national origin claims.

Finally, in a footnote, Kroger suggests Ms. Amboh's color, religion, and national origin discrimination claims should be dismissed because she did not expressly identify them in her EEOC charge.[59] Generally, a Title VII plaintiff must bring an EEOC charge

---

[56] *See Est. of Bassatt v. Sch. Dist. No. 1*, 775 F.3d 1233, 1237–38 (10th Cir. 2014) ("The findings of a state administrative agency generally do not bind federal courts. . . . However, federal courts must give preclusive effect to factual and legal determinations made by state courts when reviewing state administrative agency actions." (citing *Elliott*, 478 U.S. at 796; *Kremer*, 456 U.S. at 461)); *see also* 28 U.S.C. § 1738 ("The records and judicial proceedings of any court of any [] State . . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . .").

[57] *See Ponce*, 2023 U.S. App. LEXIS 16153 at *2, 6 (finding the plaintiff's Title VII claims were not precluded by a state agency's findings, even though the plaintiff "could have, but did not appeal the [agency's] decision to the Utah Court of Appeals," because "Congress did not intend *unreviewed* state administrative proceedings to have preclusive effect on Title VII claims" (emphasis in original) (citing *Elliott*, 478 U.S. at 796)).

[58] *See Stone*, 290 F. App'x at 122–23 (noting state administrative decisions are not preclusive as to Title VII claims in federal court, "even if such a decision were to be afforded preclusive effect in a State's own courts" (quoting *Kremer*, 456 U.S. at 470 n.7)).

[59] (Mot. 11 n.4, Doc. No. 5.)

for a Title VII claim before raising it in federal court.[60] Not only does Kroger make this suggestion in a perfunctory manner, but Kroger also fails to acknowledge a significant exception to this rule. A plaintiff may seek relief for claims not included in her EEOC charge if they are "reasonably related to the allegations of the EEOC charge."[61] This "reasonably related" standard (which is "more lenient" than typical pleading standards) accounts for "the fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have the benefit of counsel."[62] Under this standard, the "ultimate question is whether 'the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]."[63] For example, Ms. Amboh's color discrimination claim may be "reasonably related" to the racial discrimination allegations

---

[60] *Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1181 (10th Cir. 2018). Kroger also argues Ms. Amboh's failure to include these claims on her EEOC charge "deprives this Court of jurisdiction over these claims." (Mot. 11 n.4, Doc. No. 5 (citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005)).) That is incorrect. *See Lincoln*, 900 F.3d at 1185 (concluding *Shikles* is "no longer correct," and "the full court now holds that a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim").

[61] *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 667 (10th Cir. 2004) (unpublished).

[62] *Id.* (quoting *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003)).

[63] *Smith v. Cheyenne Ret. Invs.*, 904 F.3d 1159, 1164–65 (10th Cir. 2018) (alterations in original) (quoting *Martin v. Nannie & Newborns, Inc.*, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993)).

on her EEOC charge.[64] In any event, where Kroger only raised this argument in a footnote, the court does not address it.[65]

RECOMMENDATION

Where Kroger has failed to show Ms. Amboh's complaint is untimely or precluded, the undersigned recommends the district court deny Kroger's motion to dismiss.[66]

The court will send copies of this report and recommendation to all parties, who each have the right to object to it. Any objection must be filed within fourteen days of service.[67] Failure to object may constitute waiver of objections.

DATED this 3rd day of December, 2024,

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[64] *See, e.g.*, *Pickens v. Cont'l Plastic Containers*, No. 01-2440, 2002 U.S. Dist. LEXIS 3481, at *6 (D. Kan. Feb. 25, 2002) (unpublished) (denying motion to dismiss plaintiff's color discrimination claim where the EEOC charge claimed racial discrimination, and noting "the difference between race discrimination and color discrimination" is "virtually imperceptible to this court" (quoting *Ofudu v. Barr Lab'ys*, 98 F. Supp. 2d 510, 515 (S.D.N.Y. 2000))).

[65] *United States v. Judd*, 42 F. App'x 140, 144 (10th Cir. 2002) ("Arguments made in a perfunctory manner, such as in a footnote, are waived.").

[66] (Doc. No. 5.)

[67] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).