IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANDRA AMBOH,<br><br>    Plaintiff,<br><br>v.<br><br>THE KROGER COMPANY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00023-JNP-DAO<br><br>District Judge Jill N. Parrish |

After receiving a right-to-sue notice from the U.S. Equal Employment Opportunity Commission, Plaintiff Kandra Amboh filed a federal lawsuit charging her then-employer, a subsidiary of Defendant The Kroger Company, with unlawful discrimination along several protected characteristics. Kroger moved to dismiss, arguing that her complaint was time-barred and independently barred by the doctrine of claim preclusion. Judge Oberg recommended denying the motion to dismiss, and for the reasons that follow, the court ADOPTS the report and recommendation and DENIES the motion to dismiss.

## BACKGROUND

In recounting the background of this case at the motion-to-dismiss stage, the court "must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Pettit v. State of New Mexico*, 375 F. Supp. 2d 1140, 1145, 1146 (D.N.M. 2004). The following (highly simplified) facts are drawn from the complaint and records from the state administrative process attached to the complaint.

Kandra Amboh, a middle-aged Native American woman, was hired in August 2021 as a part-time produce clerk at Smith's Food and Drug, a wholly owned subsidiary of Kroger, in Vernal, Utah. Her first couple of months on the job proved frustrating for her. Just a few days in, a fellow clerk pretended to be her manager and began bossing her around. Ms. Amboh complained to her supervisor, who told the fellow clerk to stop behaving that way. Ms. Amboh also submitted a written complaint to the store's HR specialist, but HR did not address the problem to her satisfaction.

A couple of weeks later, her hours at the store were decreased and given instead to a different employee. The employee to whom her hours were given was a young Caucasian male, leading Ms. Amboh to suspect that her employer was unlawfully discriminating against her. Ms. Amboh repeatedly demanded that her higher-ups give her more hours, and they kept turning her away. After several rough, physically violent incidents with her coworkers, Ms. Amboh resigned in April 2022 because she no longer felt safe working at the store.

Before she resigned, though, she filed a charge of discrimination based on race, sex, and age with the Utah Labor Commission's Anti-Discrimination and Labor Division ("UALD") and with the U.S. Equal Employment Opportunity Commission ("EEOC") in February 2022. ECF No. 5-1. Following an informal investigation, the UALD dismissed her charge, finding no reasonable cause to believe that Kroger or any of its employees had discriminated against Ms. Amboh. She then requested de novo review of the UALD decision (i.e., a formal hearing on the decision) by an administrative law judge ("ALJ") of the Utah Labor Commission's Adjudication Division. The ALJ's scheduling order directed her to file a petitioner's statement by a certain date and noted that failure to do so would result in dismissal of her claim. She did not timely file her petitioner's statement, so the ALJ dismissed her claims with prejudice. ECF No. 5-2. At that point, Ms. Amboh

could have appealed the dismissal to either an appeals board or the Utah Labor Commissioner (and then subsequently sought further review in Utah state court), but she did not.

On October 3, 2023, the EEOC adopted the ALJ's findings and issued Ms. Amboh a notice of her right to sue. The notice specified that if Ms. Amboh wished to file a lawsuit in federal or state court, she would need to do so "WITHIN 90 DAYS of [her] receipt of th[e] notice"; otherwise, her "right to sue . . . w[ould] be lost." ECF No. 1-1, at 1. The notice also stated, "Receipt generally occurs on the date that you . . . view this document." *Id.*

Ms. Amboh filed her lawsuit pro se on January 11, 2024 (100 days after October 3, 2023), adding claims of discrimination based on color, religion, and national origin in her complaint. ECF No. 1, at 5–6. She sought $100 trillion in damages and ownership of all of Kroger's (or its subsidiaries') franchises in the 1863 Eastern Shoshone Band treaty jurisdiction (Ms. Amboh is an enrolled member of the Eastern Band of Shoshone Indian). Kroger moved to dismiss her complaint for two independent reasons. First, it argued that her claims were time-barred because her complaint was filed more than 90 days from the date the EEOC issued her a right-to-sue letter (October 3). Second, it argued that the doctrine of claim preclusion barred her claims because the ALJ had dismissed them with prejudice. Ms. Amboh did not respond to Kroger's motion.

Judge Oberg rejected both of Kroger's arguments. As to the first, she noted that Ms. Amboh had alleged in her complaint that she received the right-to-sue letter on October 18 (85 days before filing suit), reasoned that the court was bound to accept that allegation, and concluded that her allegation made her lawsuit timely. As to the second, she determined that Title VII and the Age Discrimination in Employment Act—the statutes under which Ms. Amboh sued—expressly contravene the common-law claim-preclusion rules that would ordinarily give the ALJ's dismissal preclusive effect. Her report and recommendation explained that failure to timely object could

3

constitute waiver of objections. On review here, Kroger objects only to Judge Oberg's rejection of the first argument; it does not challenge her analysis and recommendation on the second one.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(C), the court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." Kroger has properly objected to Judge Oberg's analysis and recommendation regarding its argument that Ms. Amboh's claims are time-barred, so the court reviews that portion of the report and recommendation de novo.

As Kroger sees it, Ms. Amboh failed to file her federal lawsuit in time after receiving the EEOC right-to-sue letter. Although Ms. Amboh alleges that she received the letter on October 18 (less than 90 days before filing suit), Kroger asks the court to disregard that allegation, invoking the presumption that a right-to-sue letter is received no more than five days after it is mailed. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) ("[A] presumption of receipt [within three to five days] is appropriate whenever the actual receipt date is unknown or disputed."). Absent allegations in the complaint to rebut the presumption, Kroger argues, the court should deem the letter received on October 10 (five days after it was issued plus two days to account for Sunday and Columbus Day), making Ms. Amboh's lawsuit three days too late (90 days from October 10 is January 8, and Ms. Amboh filed her complaint on January 11).

The court disagrees. Initially, the presumption attaches to the date that the letter is *mailed*. *See id.* at 1164 (analyzing "whether, lacking evidence of an actual date of receipt, federal law presumes an EEOC decision was received within a certain time after it was *mailed*" (emphasis added)). But the record here nowhere indicates the date on which Ms. Amboh's letter was mailed. Although the letter itself says it was issued on October 3, it may not have been mailed until days

4

later. Determining the date of mailing here requires additional evidence. *Cf. United States v. Ekong*, 518 F.3d 285 (5th Cir. 2007) (analyzing sworn statements and circumstantial evidence to determine the date on which the letter at issue was mailed); *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419–20 (5th Cir. 2007) (same).

The lack of evidence to establish the date of mailing gestures toward the more fundamental problem with Kroger's argument: even if the letter were mailed on October 3, the presumption would be inappropriate to apply at this stage because determining whether the presumption is successfully rebutted is a fact-intensive inquiry unsuited for a motion to dismiss. *Lozano v. Ashcroft*, the case establishing a maximum five-day presumption of receipt for EEOC letters (and a case on which Kroger heavily relies), was decided at the summary-judgment stage and underscores the fact-intensive nature of the inquiry. 258 F.3d 1160.

In *Lozano*, the plaintiff, Mr. Lozano, brought an employment-discrimination claim, which the EEOC decided in his favor. *Id.* at 1162. The EEOC mailed its decision to Mr. Lozano and the Department of Justice ("DOJ"), which had sixty days from the date it received the decision to modify or reject the EEOC's discrimination findings. *Id.* The DOJ rejected the EEOC's findings and denied Mr. Lozano relief, prompting him to file a lawsuit in federal court. *Id.* at 1163. Mr. Lozano moved for summary judgment on the grounds that the DOJ's rejection of the EEOC findings was not timely. *Id.* Because the parties disputed the DOJ's date of receipt (which dictated the deadline for the DOJ to reject the EEOC's findings), the *Lozano* court applied a maximum five-day presumption of receipt after mailing; then it assessed the summary-judgment record to determine whether the DOJ could successfully rebut the presumption and show that it actually received the EEOC's decision several days after the presumption window (which would have made

its rejection timely). After examining the affidavits and documents presented, the court determined that the DOJ could not do so. *Id.* at 1166–67.

*Lozano* illustrates why assessing whether a litigant can successfully rebut the presumption is a fact question best left for summary judgment (or trial). The court must consider affidavits and documents, determine the credibility of witnesses, and ultimately make a factual finding about when the letter at issue was received (if ever). *See also Witt v. Roadway Express*, 136 F.3d 1424, 1430 (10th Cir. 1998) ("Because the presumption is rebuttable . . . , evidence denying receipt creates a credibility issue that must be resolved by the trier of fact."); *id.* at 1429 ("[The plaintiff] has created a genuine issue as to the date of receipt by submitting evidence[, his own affidavit,] on which a reasonable jury could return a verdict for him."). The presumption simply operates as a thumb on the scale in favor of finding that a notice letter was received no later than five days after it was mailed; it does not turn the question of when a letter was received from a factual issue into a legal issue.

Kroger resists this conclusion, arguing that the presumption is appropriate to apply at the motion-to-dismiss stage and citing a case from a sister district, *Madden v. Value Place Property Management, LLC*, No. 1:12cv21, 2012 WL 3960416 (N.D. Ind. Sept. 7, 2012), for support. In fairness to Kroger, *Madden*, although itself a summary-judgment case, does cite another district-court case and state that "the court [in that case] used the presumption to decide a motion to dismiss, without the need for an evidentiary hearing." *Id.* at *3 (citing and discussing *Tucker v. Secretary of Health & Human Services*, 684 F. Supp. 556, 558 (N.D. Ind. 1988)). However, a closer look at that other case, *Tucker*, shows that it is distinguishable and does not support Kroger's position on the facts here.

In *Tucker*, the plaintiff's complaint, which needed to be filed by a certain date to avoid being time-barred, was stamped as received by the court several days after her deadline. *Tucker*, 684 F. Supp. at 557. The defendant accordingly moved to dismiss the complaint as time-barred. *Id.* But the plaintiff, relying on the prevailing two-day presumption of receipt, claimed that she had placed her complaint in the mail two postal days before her filing period expired (a claim that she supported with an affidavit). *Id.* The court applied the two-day presumption, determined that the complaint was received by the clerk of court before the plaintiff's filing period expired, and consequently denied the defendant's motion to dismiss. *Id.* at 558.

*Tucker* presented a different fact pattern and different legal issues from Ms. Amboh's case. First, the parties' positions in *Tucker* were essentially the inverse of the parties' positions here—in *Tucker*, it was the plaintiff invoking the presumption to show that her complaint was timely whereas here, it is the defendant invoking the presumption to get the complaint dismissed. This difference matters because at the motion-to-dismiss stage, the court is bound to accept the plaintiff's allegations and draw all inferences in his favor. Just because a plaintiff invoking the presumption may be entitled to its benefit at this stage does not mean that a defendant invoking the presumption is similarly entitled to its benefit.

Relatedly, *Tucker* did not consider whether the presumption should be applied to disregard an allegation in the plaintiff's complaint. The parties in *Tucker* disputed the date the clerk of court received the complaint itself, so the court needed to consider materials outside of the complaint—namely, an affidavit submitted by the plaintiff claiming that the complaint was mailed on a certain date—to resolve the motion to dismiss. (The affidavit stated the date of mailing, not the date of receipt, so the court needed to then invoke the presumption to determine the date of receipt.) As such, *Tucker* did not address how the presumption of receipt interacts with the allegations in the

plaintiff's complaint. Here, Kroger urges the court to use the presumption to disregard wholesale the allegation in Ms. Amboh's complaint about the date she received the EEOC notice triggering her 90-day filing period—a date that the parties dispute. The ordinary rules require the court to accept the plaintiff's version of the disputed facts at this stage, and *Tucker* provides no basis for disregarding it.[1] Later in this litigation, Ms. Amboh will need to prove her allegation, which will likely involve producing evidence sufficient to overcome the five-day presumption. But that is a fact question unsuited for resolution now, so the court rejects Kroger's argument that Ms. Amboh's claims are time-barred.

As to the portion of the report and recommendation regarding Kroger's argument about claim preclusion, Kroger has not objected to it and has thereby waived review. *Paciorek v. Church of Jesus Christ of Latter-day Saints*, No. 2:23-cv-00904, 2024 WL 2818881 (D. Utah June 3, 2024).

---

[1] Kroger also argues that Ms. Amboh's allegation that she received the right-to-sue letter on October 18 is conclusory and should therefore be disregarded. But it is hard to see how an allegation as concrete as Ms. Amboh's can be conclusory. *Compare with Carrillo v. N.M. Child., Youth & Fams. Dep't*, 405 F. Supp. 3d 1048 (D.N.M. 2019) (dismissing a pro se complaint containing conclusory allegations like "[the defendant] failed to follow the scope of her job intentionally, neglected her duties, and lied to obtain foster funds" (quoting the plaintiff's complaint)).

## CONCLUSION AND ORDER

For the reasons above, the court **ADOPTS** the report and recommendation in its entirety and **DENIES** Kroger's motion to dismiss Ms. Amboh's complaint.

Signed March 18, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge